Filed 5/16/23  P. v. Blay CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DEANDRE MAURICE BLAY,<br><br>        Defendant and Appellant. | A166315<br><br><br>(Marin County<br>Super. Ct. No. JV-26919A) |

## MEMORANDUM OPINION[1]

After a jury found Deandre Maurice Blay guilty of first degree murder, preventing a victim from testifying, and conspiracy (Pen. Code, §§ 187, 189, subd. (a), 136.1, 182), with true findings on special circumstance allegations (Pen. Code, § 190.2, subd. (a)(10) [killing to prevent testimony], (15) [by lying in wait]) and myriad sentence enhancement allegations, the Marin Superior Court sentenced him to 25 years to life in prison with the possibility of parole. (*People v. Blay* (Sept. 16, 2019, A138380) [nonpub. opn.], mod. Oct. 15, 2019, pp. 2, 137–138, 139.)[2]

---

[1] Cal. Stds. Jud. Admin., § 8.1; Ct. App., First Dist., Local Rules of Ct., rule 19.

[2] We cite this court's prior opinion only for background.  (Cal. Rules of Court, rule 8.1115(a), (b); *The Utility Reform Network v. Public Utilities Com.* (2014) 223 Cal.App.4th 945, 951, fn. 3.)

Though Blay was 17 years old when he committed these crimes, the People charged him in criminal court in 2009 under former Welfare and Institutions Code section 707, subdivision (d)(1). (See Stats. 2008, ch. 179, § 236, pp. 903, 905–906, 907, eff. Jan. 1, 2009.) While his prior appeal was pending, voters passed "The Public Safety and Rehabilitation Act of 2016" (Off. Voter Information Guide, Gen. Elec. (Nov. 8, 2016), text of Prop. 57, § 1, p. 141), amending former Welfare and Institutions Code sections 602 and 707 to require the People to charge a minor in juvenile court unless the juvenile court determines after a transfer hearing that the minor should be tried and sentenced as an adult (Off. Voter Information Guide, *supra*, text of Prop. 57, §§ 4.1–4.2, pp. 141–145). (See *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 303, 305–307 [background], 303–304 [act applies retroactively]; accord, *People v. Padilla* (2022) 13 Cal.5th 152, 167.) In disposing of Blay's prior appeal, this court remanded the matter to the Marin Juvenile Court to conduct such a transfer hearing (*People v. Blay, supra*, A138380, at pp. 138–139, 140–141), which it did.

After six days of testimony from 11 witnesses, including Blay and four experts, and after both written and oral closing arguments, the court issued a thorough 26-page decision in September 2022 on what it described as a "close call," concluding: "The People have met their burden under California Rule of Court 5.7770(a) [*sic*] and established that [there should be a] transfer of jurisdiction to criminal court jurisdiction by a preponderance of the evidence." Blay appeals that decision, not because of any alleged error but arguing the 2022 amendment to Welfare and Institutions Code section 707 entitles him to a new juvenile transfer hearing. The People agree he is entitled to a new hearing, and so do we. We independently review statutory interpretation and application. (*People v. Childs* (2013) 220 Cal.App.4th 1079, 1101.)

In September 2022 the Legislature amended the Arnold–Kennick Juvenile Court Law (Welf. & Inst. Code, § 200 et seq.) in part to limit the juvenile court's power to transfer a minor to the criminal court for trial to cases in which the juvenile court finds "by clear and convincing evidence that the minor is not amenable to rehabilitation while under the jurisdiction of the juvenile court." (Welf. & Inst. Code, § 707, subd. (a)(3), amended by Stats. 2022, ch. 330, § 1, No. 5A Deering's Adv. Legis. Service, p. 751, eff. Jan. 1, 2023; see Assem. Bill No. 2361 (2021–2022 Reg. Sess.) § 1.)  At the time of Blay's juvenile transfer hearing, the burden of proof was lower:  by a preponderance of the evidence.  (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 995 [clear and convincing evidence is a higher burden of proof].)[3]  We agree with the parties that this amendment is an ameliorative change in the law that applies retroactively to Blay and that he is entitled to a new juvenile transfer hearing.  (*People v. Superior Court (Lara), supra*, 4 Cal.5th at pp. 303, 308; see *In re E.P.* (2023) 89 Cal.App.5th 409, 415–417 [Assem. Bill. No. 2361 applies retroactively], petn. for review filed Apr. 25, 2023, S279666; *In re T.A.* (2023) 90 Cal.App.5th 347, 351–352 [same], petn. for review filed Apr. 24, 2023, S279635.)  We express no opinion on what the hearing's outcome should be.[4]

---

[3] The Juvenile Rules (Cal. Rules of Court, rule 5.500 et seq.) still reflect the prior, lower burden of proof.  (Cal. Rules of Court, rule 5.770(a).)

[4] "[T]he . . . remedy we recognize today does not allow [Blay] to raise claims unrelated to his sentence. . . .  He must receive a transfer hearing in a juvenile court, where the court will decide whether criminal adjudication is appropriate . . . .  Whatever potential that hearing may have for reducing his punishment (the nonfinal part of his judgment), it does not authorize . . . relitigation of guilt."  (*People v. Padilla, supra*, 13 Cal.5th at pp. 169–170.)

## DISPOSITION

The Marin Superior Court's order of September 27, 2022, is reversed, and the matter is remanded with directions to refer the case to the juvenile court for a hearing on whether it would have transferred the case to the criminal court applying the current law. If the juvenile court determines it *would not have* transferred the case to the criminal court applying the current law, it shall treat Blay's convictions as juvenile adjudications and order an appropriate disposition. If the juvenile court determines it *would have* transferred the case to the criminal court applying the current law, it shall transfer the case to the criminal court, and Blay's convictions shall be reinstated as of that date.

_____
Jackson, P. J.


WE CONCUR:


_____
Simons, J.


_____
Langhorne, J.*


A166315/*People v. Deandre Maurice Blay*

---

\* Judge of the Superior Court of Napa County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4